Crew, C. J.
The instrument here in controversy was written upon a blank form containing three ruled pages, and in language and arrangement is as follows:
“in the name of the benevolent father of ALL, AMEN :
“I, Hannah Mary Magdaline Baumgarten, of the Township of Loramie, County of Shelby, and State of Ohio, being of lawful age, and being of sound and disposing mind and memory, do make, publish and declare this my last will and testament, hereby revoking all former wills made by me.
“First: — My Will is that all my just debts and funeral Expenses shall be paid out of my Estate as soon after my decease as shall be found convenient.
“Second: — I give, devise and bequeath to my sister, Mary Catherine Apple, the following described real estate, situated in the county of Shelby, State of Ohio, and in the Township of Loramie, described as follows: Being part of section number twenty-four (24), town number ten (10), range four (4) east, and being the west half of the south half of the north-east quarter of said section number 24, containing 40 72-100 acres; also a second tract, same being the west half of tzvo hundred acres of the east side of the south half of said section twenty-four (24), said half herein devised containing 100 acres; both tracts containing 140 72-100. To have and to hold in fee simple to her and her heirs forever.
“Third: — The remainder of my estate, both real and personal, I desire converted into money by my *696 executor hereinafter named as soon as convenient, and the same after payment of debts and costs of administration of my estate be divided into six equal parts, one part to be paid to each of the following named person or their heirs, viz.: Mary Christena Batty one share, Mary Catherine Apple one share, Frederick Baumgarten one share, Rosanna Roagner one share, Minnie B. Roath one part, and to the children of my deceased sister, Dorette Upperman, one share or part.
“Fourth: — I hereby nominate and appoint my respected brother-in-law, Henry A. Apple, executor of this my last will and testament, hereby empozvering him to collect or compromise all debts due or owing to me, to sell at public or private sale upon such terms as he may see ft any real estate of which I may die seized, which is not hereinbefore devised to my sister, Mary Catherine Apple, and deeds to the purchaser to make the same as I could if living, and after having converted my estate, not specif catty devised, into money, distribute same among legatees named. I hereby request that my said executor be not required to give bond as such.
*697 .“in testimony whereof I have hereunto set my hand at--this tenth day of November, in the year -of our Lord, One Thousand, Nine Hundred and Three.
Her “Hannah Mary Magdaline •L' Baumgarten. mark.
“The foregoing instrument was signed by the said - in our presence and by her published and declared as and for her Last Will and Testament; and we have hereunto subscribed our Names as Attesting Witnesses, at her request, and in her 'presence, and in the presence of each other; this tenth day of November A. D. 1903.

A. Wehneman.

“Wm. Freshour.”

The written parts of the foregoing will we have italicized, and that which is not in italics was printed matter. On the first page of said paper there was a printed heading and under this heading, on the same page, were written all the dispositive clauses of said will. Immediately following these was the clause nominating an executor of said will, the whole of which latter clause was also written-upon said first page except the words “executor .be not required to give bond,” which, for want of space on said first page, were written at the top of the second page occupying all of the first and a part of the second line on said *698 second page. The remainder of said second page was entirely blank, and the third page was also blank down to the testimonium, clause, a space of about twenty-three and one-half inches. The testatrix signed her name, by mark, immediately after and beneath said testimonium clause on the blank line obviously left for the signature of the person executing such will. Then follows immediately, in due form, the attestation clause signed by two witnesses. Nothing further appears upon said will. The present record presents for our determination but a single question, namely: is the fqregoing instrument purporting to be the last will and testament of Hannah Mary Magdaline Baumgarten, signed by her at the end thereof as required by Section 5916, Revised Statutes, which provides as follows: “Every last will and testament (except nuncupative wills hereinafter provided for) shall be in writing, and may be handwritten or typewritten, and such will shall be signed at the end thereof by the party making the same, or by some other person in his presence and by his express direction, and shall be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge the same.” It is the contention of counsel for plaintiff in error that because of' the blank space left in said will between the clause nominating the executor, and the testimonium clause, that said will is not signed by testatrix at the end thereof as enjoined and required by the above statute. Such claim, we think, upon the undisputed facts of this case, is without merit and should not be sustained. The result of the authorities upon the subject of what consti *699 tutes a signing at the end of the will -is summed up, and the rule correctly stated in Underhill on Wills, Section 185, where it is said: “In construing statutory requirements that the will shall be signed by the testator ‘at the end thereof/ the courts have held that a will is signed at the end when the signature follows all disposing portions of the will. The fact that a blank space is interposed between the dispositive portions of the will and the signature of the testator is never material. The signature of the testator need not immediately follow the last word of the will. It is required, however, that the signature of the testator shall come after all the dispositive portions of the will; and where this is not the case the will is not signed at the end.” In Beach on Wills, Section 31, it is said: “Formerly a blank space between the dis-positive portion of the will and the testator’s signature invalidated the instrument, but as the law now stands, neither an hiatus between the dispositive parts, nor between them and the subscription, will affect its validity.” If then, space between the dis-positive clauses of a will does not invalidate it, certainly a blank space intervening between the last dispositive provision of the will and the testimonium clause, cannot and should not have that effect. While the leaving of a blank space such as found in this will was imprudent, in that it afforded an opportunity for fraudulent practice, nevertheless, the leaving of such blank is not of itself sufficient to invalidate the will. By usage and custom, in every orderly constructed will, the testimonium clause is universally recognized and adopted as the formal conclusion and end of such will, unless from the instrument itself a contrary *700 intent appears; and it is only the space between this testimonium clause and the signature of the party executing such will, that the law regards, and that the statute was intended to regulate, it being perfectly manifest from such instrument itself, when so constructed, that the testimonium clause is intended as the end thereof. Sears v. Sears, 77 Ohio St., 104. When therefore, as in the present case, the testatrix has adopted, as she had perfect right to do, the testimonium clause as the end of her will, and has signed her name immediately thereunder in the space, and on the line provided for that purpose, and there is no provision as to the disposition of property, or testamentary provision of any kind, after her signature, such signing must be taken and held to be at the end of the will.

Judgment affirmed.

Summers, Spear, Davis, Shauck and Price, JJ., concur.